UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEBRADRE D. JACKSON,

                Plaintiff,

v.                                       Case No. 17-cv-907-pp

MICHAEL KOWALCZYK, *et al.*,

                Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY (DKT. NO. 13)**

The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Racine Correctional Institution. Dkt. No. 1. On June 13, 2018, the court screened the complaint and allowed the plaintiff to proceed with two claims: (1) that Michael Kowalczyk used excessive force during a prison escort; and (2) that David Lauderville showed deliberate indifference toward the plaintiff's injuries after the use of excessive force. Dkt. No. 7. Discovery closed December 10, 2018; dispositive motions are due January 11, 2019. Dkt. No. 11.

On December 14, 2018, the defendants filed a motion for leave to conduct limited discovery. Dkt. No. 13. They explain that due to multiple staff changes during the discovery phase of the litigation, they accidentally failed to send the plaintiff a copy of the "authorization for the use and disclosure of medical information." Id. at ¶6. As a result, the defendants don't have access to

1

the plaintiff's medical file, which they need in order to review the deliberate indifference claim against Lauderville. Id. at ¶4. The defendants explain that they need the plaintiff's medical file because the plaintiff alleges, in part, that Lauderville denied him all medical attention following the incident. Id. The defendants also seek to challenge the extent of the plaintiff's injuries following the incident with Kowalczyk. Id. at ¶3.

The defendants discovered their error regarding the authorization form on December 12, 2018 (two days after discovery closed). Id. at ¶9. They immediately hand-delivered the authorization form to the plaintiff. Id. at ¶10. According to the defendants, the plaintiff refused to sign the document because discovery had closed two days before. The defendants reached out again by letter, and the plaintiff responded that he would prefer for the court to resolve the issue. Id. Accordingly, the defendants ask the court to (1) order the plaintiff to sign the authorization for the use and disclosure of medical information, and (2) briefly extend the scheduling order so they can review his medical file. Id. at p. 6. Although the defendants have reported that the plaintiff told them that he opposes their requests, the plaintiff did not file an objection or opposition to their motion to conduct limited discovery within the timeframe outlined in Civil Local Rule 7(b) (that is, within twenty-one days).

"A district court has considerable discretion in determining whether or not to reopen discovery." Carpenter v. Scott, No. 14-3047, 2016 WL 4468557, at *2 (C.D. Ill. Aug. 23, 2016) (citing Flint v. City of Belvidere, 791 F.3d 764, 768 (7th Cir. 2015)). After discovery has closed, the court may grant a motion

to extend discovery, for good cause, if the party failed to act "because of excusable neglect." Id.; See also Fed. R. Civ. P. 6(b)(1)(B). Rule 6(b)(1)(B) permits an extension only upon a showing of both excusable neglect *and* good cause. Fed. R. Civ. P. 6(b)(1)(B).

"The Supreme Court broadly defined excusable neglect." Raymond v. Ameritech Corp., 442 F.3d 600, 606 (7th Cir. 2006) (citing Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 395 (1993)). In determining whether excusable neglect exists, the court reviews four factors: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its impact on the judicial proceedings, (3) the reason for the delay (including whether the delay was within the control of the movant), and (4) the movant's good faith. Id. "These factors are not weighted equally: the reason for the delay is the most important factor." McCann v. Cullinan, No. 11 CV 50125, 2015 WL 4254226, at *7 (N.D. Ill. July 14, 2015) (internal citations omitted). "[C]ontext matters in determining excusable neglect, including whether the movant was previously dilatory. Id. (citing Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 593–94 (7th Cir. 2012)).

The defendants explain that there will be no prejudice to the plaintiff in granting the motion, that the length of delay was minimal, and that they have acted in good faith. The defendants have asked the plaintiff to sign a single document that gives them access to his medical file; they have not asked the plaintiff to do additional legal work during the extended discovery period, such as responding to interrogatories and admissions or producing other types of

3

documents. Because the plaintiff put his medical treatment at issue in the complaint, the defendants are entitled to review his medical records. The length of delay was minimal—two days. The defendants attempted to resolve this issue within two days of discovering the problem. Had the plaintiff signed the authorization at that time, this issue likely would be resolved already. The court has no reason to believe that the defendants have asked for the extension in bad faith. They timely responded to the plaintiff's discovery requests and have tried to resolve this issue without the court's involvement. Finally, there is good cause to grant the extension. Although the court takes deadlines seriously, it also seeks to resolve litigation in a just manner. This includes giving the defendants an opportunity to properly defend themselves. The court will grant the defendants' motion for leave to conduct limited discovery.

If the plaintiff wants to proceed with the case, he must sign the "authorization for the use and disclosure of medical information" form and submit it to the defendants as soon as possible. The court will extend the summary judgment deadline to forty-five (45) days after the date on which the plaintiff signs the authorization form. The plaintiff should be aware that if he does not sign the authorization form, the defendants may ask the court to impose sanctions, including asking the court to dismiss the case.

The court **GRANTS** the defendants' motion for leave to conduct limited discovery. Dkt. No. 13.

The court **ORDERS** that any party wishing to file a motion for summary judgment must do so within **forty-five (45) days** of the date the plaintiff signs the "authorization for the use and disclosure of medical information" form.

Dated in Milwaukee, Wisconsin, this 24th day of January, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**